In re William MORRIS and Wilma Morris, Debtors.

William MORRIS and Wilma Morris, Appellants,

v.

DETROIT EDISON, Appellees.

Bankruptcy No. 85–00084 B.
Civ. A. No. 86–0594.

United States District Court,
E.D. Michigan, S.D.

Aug. 27, 1986.

Seymour Markowitz, Southfield, Mich., for appellants.

Michael Gladstone, Detroit, Mich., for appellees.

## MEMORANDUM OPINION AND ORDER

SUHRHEINRICH, District Judge.

The relevant facts in this matter are as follows. In 1982, Wilma Morris was indebted to Detroit Edison in the amount of $787.56. Thus, her service was cut. No response was received from her so the account was written off. At that time, there was no longer a customer of record.

On January 11, 1985, William and Wilma Morris filed a Petition in Bankruptcy. Detroit Edison was listed as a creditor and received notice to that effect. Because Detroit Edison's records revealed no customer at the listed address (because the account had been written off), it did not object to the discharge of the debtor.

Also in January, 1985, Detroit Edison determined that the meter at the relevant address was illegally in service. Thus, the meter was removed in December, 1985. In January, 1986, Detroit Edison discovered

that the meter had been illegally by-passed and that the house was still receiving services. Thus, Edison entirely removed the service drop line in January, 1986. Edison subsequently determined the utility theft to be in the amount of $4,245.48.

On January 29, 1986, a hearing was held before Judge Brody on the debtors' motion for an order to show cause why Edison, as a public utility, should not be held in contempt for continuing to deny service to the debtors, and why they should not be ordered to reinstate service. Judge Brody denied the debtors' motion. The debtors' appeal from this order and also move for a temporary restraining order enjoining Edison from discontinuing its services.

Debtor-Appellants' appeal and motion are based upon 11 U.S.C. § 366(a). That section provides:

"Except as provided in subsection (b) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor *solely* on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due." (Emphasis added)

Debtor-appellants have mischaracterized both the argument of creditor-appellee and the decision of the Bankruptcy Court.

It is undoubtedly true that if Detroit Edison were refusing service based upon the amounts owed by Wilma Morris prior to 1982, this would be improper under § 366. However, Edison has admitted that the amount due from Wilma Morris prior to 1982 was discharged in bankruptcy. Edison acknowledges that it cannot refuse service to a debtor solely on the basis of an unpaid pre-petition debt.

However, Edison is not refusing service solely on this basis. The use of the word "solely" in the statute implies that the utility may refuse to furnish services on other grounds. Here, the other grounds are that William Morris illegally tampered with the service lines and meters. This is a valid ground for refusing service. As stat-

ed in *In Re Webb*, 38 B.R. 541 (Bankr.E.D. Pa.1984):

"In essence, a utility has the discretion to refuse service to any debtor for any reason which would validly constitute a ground for refusal if that debtor were not in bankruptcy, with single exception of nonpayment for past services."

\*    \*    \*    \*    \*    \*

"Because of the safety factors involved, and the risks posed to the public by those who tamper with gas company equipment, we hold that tampering and unauthorized use of gas constitute valid grounds for refusal to restore gas service."

These same concerns are relevant to an electric utility. Thus, this Court, too, holds that Detroit Edison has valid grounds for refusing to restore service. *See, also, In re Broadnax*, 37 B.R. 909 (Bankr.E.D.Pa. 1984). Since the evidence indicates that the debtors were aware of the tampering, restitution is a proper condition for restoration of service. *Broadnax, supra*. Restitution for the illegal services is exactly what Edison seeks before it restores service. This is entirely proper.

The Court recognizes that loss of electrical services is a difficult situation for the debtors. However, they are not without a forum. As suggested to their counsel by Judge Brody way back on January 29, 1986, they can proceed before the Public Service Commission.

For the reasons stated above, IT IS HEREBY ORDERED that the Debtors' Motion to Enjoin Continued Termination of Utility Services is DENIED and the decision of the Bankruptcy Court is AFFIRMED. Costs are denied.